**FILED**

**NOV 2 0 2018**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| |
|---|
| J. Q. DOE 1,<br><br>            Plaintiff,<br><br>      v.<br><br>ANDREA LYNNE BENOIT, *et al.*,<br><br>            Defendants. |

# 19–mc–00059

Chief Judge Beryl A. Howell

### MEMORANDUM AND ORDER

The plaintiff, an employee of the United States Department of Defense, seeks to proceed under a pseudonym in the instant action alleging violations of the Freedom of Information Act and of the First and Fifth Amendments. *See* Pl.'s Mot. Proceed Under Pseudonym ("Pl.'s Mot.") at 1; Compl. ¶¶ 1–4. The plaintiff also seeks to use pseudonyms for several potential witnesses and supervisors and for two federal agencies. Pl.'s Mot. at 1. For the reasons set forth below, the plaintiff's motion is denied.[1]

## I.    BACKGROUND

The plaintiff seeks to file suit against various federal agencies and officials in order to compel production of an investigative report of which the plaintiff was a subject, Compl. ¶ 1, and to seek relief for alleged violations of the First and Fifth Amendments, *id.* ¶¶ 2–4. The plaintiff argues that her security clearance "has been jeopardized by the . . . existence of an 'insider threat' complaint unjustifiably and maliciously filed against" her, Pl.'s Mem. Supp. Mot. to Proceed Under Pseudonym ("Pl.'s Mem.") at 2. She states that she "should not be required to expose . . . herself to vitriol and scrutiny, or the certain end to her career to

---

[1]      Under Local Civil Rule 40.7(g), the Chief Judge "shall . . . hear and determine . . . motions to file a pseudonymous complaint." LCvR 40.7(g).

vindicate . . . her legal rights." *Id.* at 3. She also states that if her identity is disclosed, she

faces a risk of retribution and mental harm due to the defendants' "personal retribution against

her for filing this complaint," *id.*, "the current dubious attitude of the White House on . . . race

relations," *id.*, "the stigma associated with filing a complaint" which could cause future

federal or private employers to refuse to hire her, *see id.*, and the potential for "substantial

harassment from unsupportive peers in the Defense Department and from the public at large,"

*id.* In addition to her own identity, the plaintiff seeks to use pseudonyms for two agencies and

for various supervisors and witnesses, *id.* at 6, arguing that disclosing the identities of those

agencies and persons would enable her to be easily identified. *Id.*

## II.    LEGAL STANDARD

Generally, a complaint must state the names of the parties. FED. R. CIV. P. 10(a) ("The

title of the complaint must name all the parties."); LCvR 5.1(c)(1) ("The first filing by or on

behalf of a party shall have in the caption the name and full residence address of the party,"

and "[f]ailure to provide the address information within 30 days [of] filing may result in the

dismissal of the case against the defendant."); LCvR 11.1 (same requirement as LCvR

5.1(c)(1)). The public's interest "in knowing the names of [ ] litigants" is critical because

"disclosing the parties' identities furthers openness of judicial proceedings." *Doe v. Pub.*

*Citizen*, 749 F.3d 246, 273 (4th Cir. 2014); *see also Nixon v. Warner Commc'ns, Inc.*, 435

U.S. 589, 597 (1978) ("[T]he courts of this country recognize a general right to inspect and

copy public records and documents, including judicial records and documents.") (footnotes

omitted). Nevertheless, courts have, in special circumstances, permitted a party "to proceed

anonymously" when a court determines "the impact of the plaintiff's anonymity" outweighs

"the public interest in open proceedings" and considers the "fairness to the defendant." *Nat'l Ass'n of Waterfront Emp'rs v. Chao* ("*Chao*"), 587 F. Supp. 2d 90, 99 (D.D.C. 2008) (RMC).

In the past, when balancing these two general factors, two different but analogous tests have been applied in this circuit. The first test consists of the six factors set forth in *United States v. Hubbard*, 650 F.2d 293, 317–21 (D.C. Cir. 1980):

> (1) the need for public access to the documents at issue; (2) the extent to which the public had access to the document prior to the sealing order; (3) the fact that a party has objected to disclosure and the identity of that party; (4) the strength of the property and privacy interests involved; (5) the possibility of prejudice to those opposing disclosure; and (6) the purpose for which the documents were introduced.

*Doe v. CFPB* ("*Doe I*"), Civil No. 15-1177 (RDM), 2015 WL 6317031, at *2 (D.D.C. Oct. 16, 2015). In other cases, a "five-part test to balance the concerns of plaintiffs seeking anonymity with those of defendants and the public interest" has been applied. *Eley v. District of Columbia*, No. 16-806 (GMH), 2016 WL 6267951, at *1 (D.D.C. Oct. 25, 2016). These factors, drawn from *Chao*, include the following:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Doe v. Teti*, Misc. No. 15-01380 (RWR), 2015 WL 6689862, at *2 (D.D.C. Oct. 19, 2015); *see also Roe v. Bernabei & Wachtel PLLC*, 85 F. Supp. 3d 89, 96 (D.D.C. 2015) (TSC); *Doe v. U.S. Dep't of State*, Civil No. 15-01971 (RWR), 2015 WL 9647660, at *2 (D.D.C. Nov. 3, 2015); *Doe v. Cabrera*, 307 F.R.D. 1, 5 (D.D.C. 2014) (RBW).

The *Chao* and *Hubbard* factors weigh the same two general concerns. *Doe Co. No. 1 v. CFPB* ("*Doe II*"), 195 F. Supp. 3d 9, 15–16 (D.D.C. 2016) (RDM). Specifically, these concerns

are: (1) the "[s]trength of the [g]eneralized [p]roperty and [p]rivacy [i]nterests" involved and "the possibility of prejudice" to those opposing disclosure, *Hubbard*, 650 F.2d at 320–21; and (2) whether the "justification" for nondisclosure "is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature," *Teti*, 2015 WL 6689862, at *2. Thus, in *Doe II*, the Court determined that

> the question before the Court is not best answered with a rigid, multi-part test but with an assessment of whether the non-speculative privacy interests that the movants have identified outweigh the public's substantial interest in knowing the identities of [the] parties in litigation, along with any legitimate interest that the non-moving parties[] . . . may have in revealing the identity of the movants.

*Doe II*, 195 F. Supp. 3d at 17.

This balancing inquiry accords with the D.C. Circuit's test for whether a district court should exercise its discretion to permit an exception from Federal Rule of Civil Procedure 10(a). The Circuit has acknowledged the district court's discretion "to grant the 'rare dispensation' of anonymity" to litigating parties under certain limited circumstances, provided the court has "inquire[d] into the circumstances of particular cases to determine whether the dispensation is warranted." *United States v. Microsoft Corp.*, 56 F.3d 1448, 1464 (D.C. Cir. 1995) (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)). In exercising this discretion, the D.C. Circuit has required the court to "take into account the risk of unfairness to the opposing party, as well the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* (internal citations and quotation marks omitted).

Thus, whichever test applies, the same general balancing inquiry is at issue: "whether the non-speculative privacy interests that the movants have identified outweigh the public's substantial interest in knowing the identities of [the] parties in litigation, along with any legitimate interest that the non-moving parties[] . . . may have in revealing the identity of the movants." *Doe II*, 195 F. Supp. 3d at 17; *see also Chao*, 587 F. Supp. 2d at 99 (assessing

4

whether "the impact of the plaintiff's anonymity" outweighs "the public interest in open

proceedings and [considering the] fairness to the defendant").

## III.   DISCUSSION

At this stage of the litigation, this Court is not persuaded that the plaintiff has met her

burden of showing that her privacy interests outweigh the public's presumptive and

substantial interest in knowing the details of judicial litigation.  As to the first *Chao* factor, the

plaintiff has not demonstrated that anonymity is necessary to "preserve privacy in a matter of

a sensitive and highly personal nature." *Teti*, 2015 WL 6689862, at *2.  Rather, the plaintiff's

fears of reputational harm and the loss of economic prospects appear, at this stage, more akin

to a mere desire "to avoid the annoyance and criticism that may attend any litigation." *Id.*  In

addition, the plaintiff's complaint alleges that she has already suffered from reputational harm

and jeopardized employment prospects as the result of the "insider threat" investigation filed

against her. *See* Compl. ¶¶ 238–261.  In considering whether anonymity is necessary to

preserve privacy in a matter of a sensitive and highly personal nature, the Court finds it

significant that cases challenging revocations of, denials of, or investigations regarding

security clearances are frequently litigated under the plaintiffs' real names. *See, e.g., Palmieri*

*v. United States*, 896 F.3d 579 (D.C. Cir. 2018); *Foote v. Moniz*, 751 F.3d 656 (D.C. Cir.

2014); *Bennett v. Chertoff*, 425 F.3d 999 (D.C. Cir. 2005); *Ryan v. Reno*, 168 F.3d 520 (D.C.

Cir. 1999); *Chien v. Sullivan*, 313 F. Supp. 3d 1 (D.D.C. 2018); *Oryszak v. Sullivan*, 565 F.

Supp. 2d 14 (D.D.C. 2008).  Cases in which a pseudonym has been permitted generally

involved other sensitive matters of national security or intimate details of the employee's life,

*see, e.g., Doe v. Cheney*, 885 F.2d 898 (D.C. Cir. 1989) (a security clearance case involving a

National Security Agency employee whose security clearance was revoked because he

engaged in same-sex relationships with foreign nationals), *Doe v. Casey*, 796 F.2d 1508, 1512 n.2 (D.C. Cir. 1986) (the plaintiff indicated he was proceeding under a pseudonym because his status as a CIA employee could not be disclosed, not due to embarrassment over his homosexuality). *But see Doe v. United States*, 821 F.2d 694, 695 n.1 (D.C. Cir. 1987) (no such concerns were mentioned). Setting the information contained in the plaintiff's memorandum and Complaint against this background, the Court is not persuaded that a pseudonym is necessary to preserve the plaintiff's privacy regarding the "insider threat" investigation.

Turning to the second *Chao* factor, the plaintiff alleges that she will be subject to retribution and mental harm if she is publicly identified as a litigant in this case, Pl.'s Mem. at 3. The plaintiff states that "the stigma associated with filing a complaint against one agency of the government would mean that other [f]ederal agencies, or even private sector . . . employers, would more likely shun [her] future employment application," *id.* These interests in preventing potential economic or reputational harm are not, without more, sufficient to outweigh the public's interest in knowing the identity of litigants. *See, e.g., Pub. Citizen*, 749 F.3d at 274; *Doe II*, 195 F. Supp. 3d at 22–23; *Chao*, 587 F. Supp. 2d at 99–100; *Qualls v. Rumsfeld*, 228 F.R.D. 8, 12 (D.D.C. 2005) (RCL). It bears repeating that, as the second *Chao* factor suggests, the "rare dispensation" of allowing parties to proceed pseudonymously generally demands a "critical" case. *James*, 6 F.3d at 238. The plaintiff has not demonstrated that her situation is such a "critical" case. Although the plaintiff points to various political and social reasons that the stigma and reputational harm associated with her case would be greater than in any other case of this type, *see* Pl.'s Mem. at 2–4, the Court remains

6

unconvinced that the plaintiff has shown a non-speculative risk of the type of physical or mental harm that typically justifies the need to file under a pseudonym.

The third *Chao* factor, concerning the ages of the persons whose privacy interests are sought to be protected, appears to be of limited relevance to this motion because the plaintiff is proceeding solely on her own behalf rather than on behalf of minor children. *See Yaman v. U.S. Dep't of State*, 786 F. Supp. 2d 148, 153 (D.D.C. 2011) (JDB).

The fourth and fifth *Chao* factors ask whether the action is against a governmental or private party and for an analysis of the risk of unfairness to the opposing party in allowing an action to proceed against it anonymously. This Court is unaware, at this time, of any unfairness to the government agencies in allowing the plaintiff to file under a pseudonym at this initial stage, subject to further findings by the district judge assigned to consider the complaint. *See Teti*, 2015 WL 6689862, at *4. One of the defendants, however, is a named individual, the plaintiff's supervisor at a government agency, against whom serious allegations are raised throughout the Complaint, *see, e.g.*, Compl. ¶¶ 122–155. It is less clear whether that named defendant's ability to defend herself would be compromised by the plaintiff's use of a pseudonym, or by the plaintiff's desire to use pseudonyms not only for herself but for various witnesses, agencies, and supervisors. The use of so many pseudonyms makes it more likely that the defendants' ability to defend the action would be compromised if the plaintiff's motion were granted.

In sum, the plaintiff's fears of stigma and retribution do not outweigh the public's substantial and presumptive interest in disclosure. Although this Court has analyzed the motion under the *Chao* factors, the result would be no different under the *Hubbard* analysis. As previously noted, the same general balancing inquiry is at issue in both tests: "whether the

7

non-speculative privacy interests that the movants have identified outweigh the public's substantial interest in knowing the identities of [the] parties in litigation, along with any legitimate interest that the non-moving parties[] . . . may have in revealing the identity of the movants." *Doe II*, 195 F. Supp. 3d at 17.  The plaintiff has failed to meet the "heavy burden" of establishing that her privacy interests outweigh the public's interest in knowing her identity. *See id.*

## IV.   CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiff's Motion to Proceed Under Pseudonym is **DENIED**.

**SO ORDERED.**

Date: November 20, 2018

BERYL A. HOWELL
Chief Judge